**6**

1  MARK L. POPE  #182769
   Assistant United States Trustee
2  GREGORY S. POWELL #182199
   ROBIN TUBESING #26680-49 [Indiana]
3  United States Department of Justice
   Office of the United States Trustee
4  2500 Tulare Street, Suite 1401
   Fresno, California 93721
5  Telephone: (559) 487-5002
   Telecopier: (559) 487-5030
6
   Attorneys for August B. Landis,
7  Acting United States Trustee

8              UNITED STATES BANKRUPTCY COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                    FRESNO DIVISION

| 11  In re: | Case No. 12-14281-B-7 |
|---|---|
| 12  ANTONIO H. AGUIRRE and DOLORES D. AGUIRRE, | Chapter 7 |
| 13                          Debtor(s). | |
| 14  AUGUST B. LANDIS, | A.P. No. 12-01128-B |
| 15  Acting United States Trustee, | D.C. No. UST-1 |
| 16                          Plaintiff, | DATE:     September 27, 2012 |
|     v. | TIME:     10:00 a.m. |
| 17  ANTONIO H. AGUIRRE and | PLACE:    U.S. Bankruptcy Court |
| 18  DOLORES D. AGUIRRE, | Department B, Courtroom 12 |
|     | 2500 Tulare St., Fifth Floor |
|     | Fresno, California |
| 19                          Defendant(s) | JUDGE:    W. Richard Lee |

20

21              **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

22          On September 27, 2012, the Court considered the United States Trustee's Motion for

23  Default Judgment.  Robin Tubesing, Esq., appeared for the United States Trustee.  The

24  Defendants, Antonio H. Aguirre and Dolores D. Aguirre, did not appear.  Having reviewed the

25  pleadings and considered the arguments, the Court now issues the following findings of fact and

26  conclusions of law.

27  ///

28

RECEIVED
October 05, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004472485

1

**Findings of Fact**

1. On May 11, 2012, the Defendants filed a chapter 7 bankruptcy petition, Case No. 12-14281-B-7F, in the Eastern District of California.

2. The Defendants are represented by Richard E. Dwyer ("Mr. Dwyer"), 800 W. El Camino Real #180, Mountain View, California, 94040, in the underlying bankruptcy case.

3. Peter Fear ("Trustee") was appointed as Chapter 7 Trustee.

4. The Defendants reported assets totaling $52,890 on Schedule B.

5. The Section 341(a) First Meeting of Creditors ("Meeting of Creditors") was scheduled for June 15, 2012. Both Defendants appeared, as well as Marshall Moushigian, Esq.

6. On July 24, 2012, the Plaintiff received an e-mail from the Trustee. In it, the Trustee alleges that the Defendants failed to disclose the transfer of unencumbered real property ("Los Banos Property") to their daughter for no consideration in their bankruptcy documents, that the Defendants continue to conceal the property, and that they have failed to cooperate with the Trustee.

7. At the June 15, 2012, meeting of creditors, the Defendants admitted they transferred the unencumbered real estate located in downtown Los Banos to their daughter, Cloe Aguirre, for no consideration, that the transfer happened approximately in February of 2011, that they attempted to sell the property for $250,000, and believe the actual value may be $75,000. The Defendants also admitted that not all of their creditors were listed on Schedule F.

8. At the June 15, 2012, meeting of creditors, the Trustee directed the Defendants to amend their Statement of Financial Affairs to disclose the transfer, amend Schedule F to include all creditors, turn over the deed to the Los Banos Property, and documentation regarding any

loans that may have been taken out against the Los Banos Property.  The Trustee continued the meeting of creditors to July 13, 2012.

9.  As of the date of this pleading, the Defendants have made no amendments, turned over no documents, and failed to appear at the continued meetings of creditors.

10.  On August 10, 2012, the Trustee filed a "Complaint to Avoid Fraudulent Transfer" to recover the Los Banos Property and liquidate it for the benefit of creditors.

## Jurisdiction and Venue

The Plaintiff has standing to bring this proceeding under 11 U.S.C. § 307 and 11 U.S.C. 727(c)(1).  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157, 11 U.S.C. § 105(a), 11 U.S.C. § 727, and Fed. R. Bankr. P. 7001(4).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O).  Venue is appropriate in this court.  28 U.S.C. § 1409(a).

## Conclusions of Law

A.      DEFAULT JUDGMENT STANRARD

The Plaintiff requests default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, as incorporated by Rule 7055 of the Federal Rules of Bankruptcy Procedure. The Plantiff is entitled to entry of judgment by default as a matter of law because the Defendants have failed to appear, answer or otherwise defend in this action.  The Plaintiff's evidentiary submissions are sufficient proof of the elements necessary to grant relief as requested in the Complaint.

B.      DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)(B)

Section 727(a)(2)(B) of the Bankruptcy Code states that the court shall grant the debtor a discharge, unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the estate, after the date of the filing of the petition.

The Defendants concealed, and continue to conceal, the Los Banos Property.  The Defendants continue to hinder and cause delay by failing to cooperate with the Trustee regarding the Los Banos Property, failing to make amendments, failing to turn over documents, and failing to appear at continued Meetings of Creditors.

**C.        DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A)**

Section 727(a)(4)(A) of the Bankruptcy Code states that the court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

The false oath or account must relate to a "material fact." In re Wills, 243, B.R. 58, 62 (9th Cir. BAP 1999), citing In re Aubery, 111 B.R. 268, 274 (9th Cir. BAP 1990).  The "false oath" may be a false statement or an omission in the schedules. Id., citing In re Beaubouef, 966 F.2d 174, 178 (5th Cir. 1992).  A bankruptcy discharge is a privilege and may only be granted to the honest debtor.  In re Leija, 270 B.R. 497, 501 (Bankr. E.D. Cal. 2001), citing In re Dubrowsky, 244 B.R. 560, 572 (E.D.N.Y. 2000).  The purpose of laws such as § 727(a)(4) is, "to make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs." In re Leija, 270 B.R. at 501, citing In re Tully, 818 F.2d 106, 110 (1st Cir. 1987).

When the debtor signs and files his or her bankruptcy schedules, he or she attests, under penalty of perjury, that the facts represented therein, including the disclosure of assets, is

4

1  complete and accurate.  The signing and verification of bankruptcy schedules under penalty of

2  perjury constitute an "oath" for purposes of Section 727(a)(4).  In re Leija, 270 B.R. at 502.

3  The Defendants failed to disclose the transfer of unencumbered property worth at least

4  $75,000 transferred to their daughter for no consideration in their bankruptcy schedules.  Though

5  the Defendants are aware of this failure to disclose, they have failed to correct their schedules

6  and ceased all cooperation with the Trustee.

7  The Defendants admit that their Schedule F is inaccurate.  However, they have failed to

8  amend Schedule F and, upon information and belief, the omitted creditors have not been notified

9  of the Defendants' pending bankruptcy case.

10  Based on the omissions and misstatements, the fact that no corrections have been made,

11  the Defendants' refusal to turn over requested documents related to the Los Banos Property, and

12  their failure to appear at continued Meetings of Creditors, under the totality of the circumstances,

13  it may be construed that the Defendants are intentionally concealing their assets from their

14  creditors.  The non-disclosures are material.  The Trustee has filed a complaint to recover the

15  property and liquidate it for the benefit of creditors.

**D.      DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(D)**

Section 727(a)(4)(D) of the Bankruptcy Code states that the court shall grant the debtor a

discharge, unless the debtor knowingly and fraudulently, in or in connection with the case

withheld from an officer of the estate entitled to possession under this title, any recorded

information, including books, documents, records, and papers, related to the debtor's property or

financial affairs.  The Defendants failed to turn over financial records requested by the Trustee.

///

///

5

1

## Conclusion

2

For the foregoing reasons, the Court concludes that the discharge of Antonio H. Aguirre

3

an Dolores D. Aguirre be denied.

4

**A separate order granting the United States Trustee's Motion for Summary Judgment**

5
**shall be entered**.

6

7

8

9

10

11

Dated: Oct 09, 2012

12

13

_____

14

W. Richard Lee
United States Bankruptcy Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6